STATE ex Rel. THOMAS, Relator, v. DISTRICT COURT, et al., Respondents.

(No. 8576.)

(Submitted December 18, 1944.   Decided January 19, 1945.)

[154 Pac. (2d) 980.]

*Mr. Joseph Hennessey, Hennessey & Hennessey,* and *Mr. M. J. Doepker,* for Relator, submitted an original and a supplemental brief; *Mr. Joseph P. Hennessey* argued the cause orally.

*Messrs. H. C. Crippen, Horace S. Davis, Rockwood Brown* and *Franklin S. Longan,* for Respondents, submitted a brief. *Mr. Crippen* and *Mr. Davis* argued the cause orally.

HONORABLE DEAN KING, District Judge, sitting in place of Mr. Justice ANDERSON, disqualified, delivered the opinion of the court.

At the general election held November 7, 1944, Albert Thomas, ██ Herbert Bailey and W. E. Boley were candidates for the office of sheriff of Yellowstone County. November 16, the board of canvassers certified that Herbert Bailey had been elected by a plurality of 128 votes over Albert Thomas. November 21, Albert Thomas applied to the district court of Yellowstone County, under the provisions of Sections 828.1 to 828.7, for a recount of the votes cast in precincts Five (5), Nine (9), Seventeen (17), Twenty (20), Twenty-three (23), Thirty-five (35), and Forty-three (43) of Yellowstone County. After disqualification of both judges of the Thirteenth District, and before hearing on the application, the applicant, without leave of court, filed an amended application, which was thereafter, by the presiding judge and on motion of the successful candidate, stricken. On a similar motion, the original petition was dismissed.

The original petition, after setting forth the fact of the election, the candidates, the official canvass, and that petitioner claims to have had a right to be returned as the duly elected sheriff, alleges as follows:

"Your petitioner alleges that there is good and sufficient cause for believing that the judges and clerks of the election in certain precincts hereinafter enumerated did not correctly count and ascertain the number of votes cast for your petitioner on the following grounds, to-wit:

512

"1. That your petitioner alleges that in all of the precincts in said County the judges and clerks were required to remain on duty during the day when voting was in progress and had, with little or no opportunity of rest, to continue on for many hours to count the votes cast in said election; that said duty of counting and tabulating said votes is an arduous one and requires painstaking and meticulous care in securing the necessary accuracy; that in many instances said judges and clerks were required to work for long hours continuously without rest; that your petitioner is informed and believes that during the later hours of their employment practically all of said judges and clerks were fatigued so that they were unable to devote the necessary attention to the counting of said ballots; that as a result of said fatigue said clerks and judges committed numerous inaccuracies in the counting and tabulating of said ballots;

"2. Your petitioner as further good and sufficient cause of recount in voting Precincts numbered Five (5), Nine (9), Seventeen (17), Twenty (20), Twenty-three (23), Thirty-five (35) and Forty-three (43) of the said County of Yellowstone, alleges that the judges of the election in said precinct did not comply with each and all of the provisions and requirements of Section 778 of the Revised Codes of Montana for 1935 in counting and ascertaining the number of votes cast for each person voted for at said election, and particularly for this contestant and said contestee, in that when after the votes were counted they were not tallied correctly and the certificates of returns in said precincts so made by the judges, were not correct, particularly in Election Precinct No. Nine (9) wherein the certificate showed the said Bailey received 351 votes when, as your petitioner is informed and believes, he should have received only 251 votes."

The applicant has petitioned this court for a writ of supervisory control.

Assuming, without deciding, that the amended application was properly stricken, as filed too late, the original application was still before the court. If that original application was suf-

ficient as to any of the precincts, a recount should have been ordered in such precincts. The statute contains no provision for the filing of any sort of an answer to the application, nor for the taking of any evidence. The court orders or denies a recount based on the application alone. The statute provides: "* * * If from said verified application, the district court, or the judge thereof, finds that there is probable cause for believing that the judges and clerks of election did not correctly count and ascertain the number of votes cast for such applicant at any one or more of the election precincts that the judges and clerks of election might not have correctly counted and ascertained the number of votes cast for the applicant in any one or more election precincts, then, or in either of such events, the court or judge shall make an order addressed to the said board of county canvassers, requiring them at the time and place fixed by said order, which time shall be not more than five days from the making of such order to reassemble and reconvene as a canvassing board, and to recount the ballots cast at said election precinct or precincts of which complaint is made as in said order specified."

Attorneys for the applicant and for the successful candidate agree that the court should order a recount if the application shows either that there is probable cause for believing "that the judges and clerks of election did not correctly count and ascertain the number of votes cast for the applicant in any one or more election precincts," or "that the judges and clerks of election might not have correctly counted and ascertained the number of votes cast for the applicant in any one or more election precincts." Section 828.2 provides that if the application shows that the election officials did not comply with all the provisions of Section 778, that that shall be considered as sufficient probable cause for believing that the election officials did not correctly count the votes cast for the applicant. Attorneys for the successful candidate contend that that is the only way in which applicant may show that his votes were not correctly counted, but the section does not say that. It says

that is one way in which the application may show that the votes were not correctly counted.

The second alternative provided in the statute is that a recount may be ordered if the application shows that the votes *might not* have been correctly counted. We have never before seen a statute which required a court to determine the mere possibility of the existence of a fact. Our experience and reading are limited to cases where the court is required to determine the existence of some fact—not the possibility of its existence. It would seem that the rules for determining one would differ from those determining the other, and we will dispose of the case unhampered and unaided by technical rules. The Act in question is a remedial statute, enacted to supplement election laws and to provide for a more careful counting of the ballots in certain cases. As a remedial statute it should be liberally construed. (59 C. J. 1106.) It is very proper that the statute should be liberally construed.

No wrong can come from ordering a recount. The expenses are required by the statute to be paid by the applicant if upon the recount he is found not to have been elected. The legislature was apparently solicitous that technical rules should not prevent a recount. It provided for a recount in case the application showed that the votes "might not" have been correctly counted. It further provided that any violation of the rules of conduct of the election board set forth in section 778 should be cause for believing that the votes were not correctly counted. The supreme court of Illinois (*MacGuidwin* v. *South Park Com'rs.*, 333 Ill. 58, 164 N. E. 208, 215) has held that the mere allegation of a contestant in an election contest that he actually received more votes than the successful candidate was sufficient as against a general demurrer. The applicant in this case has set forth that the votes were not correctly counted. That is the ground on which he relies for securing a recount. We consider it sufficient to justify the court in finding that the votes might not have been correctly counted.

Deeming such action in the public interest, this court on

December 28, 1944, ordered that peremptory writ issue forthwith, this written opinion to follow later. A writ accordingly issued on December 29, 1944, directing the respondents to annul the orders complained of, and to make an order in accordance with the provisions of sections 828.1 to 828.7, Revised Codes 1935, for the recount of the ballots cast in the said precincts for the office of sheriff.

MR. CHIEF JUSTICE JOHNSON, ASSOCIATE JUSTICES MORRIS and ADAIR, and the HONORABLE T. E. DOWNEY, District Judge, sitting in place of ASSOCIATE JUSTICE ERICKSON, disqualified, concur.